IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.: 3:14-CV-00274-RJC-DSC

LIFESCAN, INC. and
LIFESCAN SCOTLAND, LTD.,

    Plaintiffs and
    Counterclaim-Defendants,

– v –

UNISTRIP TECHNOLOGIES, LLC,

    Defendant and
    Counterclaimant.

**STIPULATED PROTECTIVE ORDER**

It is hereby **ORDERED** by the Court that the following restrictions and procedures—to which the parties have stipulated—shall apply to certain information, documents, and excerpts from documents supplied by the parties to each other in response to discovery requests:

1. Counsel for any party may designate documents and deposition transcripts, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Documents designated by a party as confidential or highly confidential must be labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," as appropriate. Deposition testimony designated by a party as confidential or highly confidential must be identified as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," as appropriate, on the record before the close of the deposition. "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" information are referred to generally in this Order as "Confidential Information."

The party who makes the designation is the "Designating Party"; any party who receives the Confidential Information is a "Receiving Party."

2. Unless otherwise ordered by the Court, or otherwise provided for herein, a Receiving Party may use Confidential Information solely in connection with the above-captioned action.

3. In the event a Receiving Party challenges another party's confidentiality designation, counsel shall make a good-faith effort to resolve the dispute, and in the absence of a resolution, the Receiving Party may thereafter seek resolution by the Court.

4. Materials designated as "CONFIDENTIAL" shall not be disclosed by a Receiving Party to any person, except:

   a. The Receiving Party's counsel of record in this litigation;

   b. Employees of such counsel assigned to and necessary to assist in the litigation;

   c. Consultants or experts to whom disclosure is reasonable necessary for this litigation and for whom the procedures described in Section 5, below, have been followed;

   d. The officers, directors, and in-house counsel of the Receiving Party to whom disclosure is reasonable necessary for this litigation and for whom the procedures described in Section 5, below, have been followed;

   e. Any person who was aware of the Confidential Information in the normal course of business, including the author, recipient, or custodian of the information; and

   f. The Court or the jury.

– 2 –

5. Before disclosing or displaying the "CONFIDENTIAL" materials to any person falling under category 4(c) or 4(d), above, the Receiving Party must: (a) Inform the person of the confidential nature of the information or documents; (b) Inform the person that this Court has enjoined the use of the information or documents for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person; and (c) Have the person sign Exhibit A, a copy of which must be given to the Designating Party.

6. Materials designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall not be disclosed by a Receiving Party to any person, except:

   a. The Receiving Party's counsel of record in this litigation;

   b. Employees of such counsel assigned to and necessary to assist in the litigation;

   c. Consultants or experts to whom disclosure is reasonable necessary for this litigation and for whom the procedures described in Section 7, below, have been followed;

   d. In-house counsel of the Receiving Party to whom disclosure is reasonable necessary for this litigation and for whom the procedures described in Section 7, below, have been followed;

   e. Any person who was aware of the Confidential Information in the normal course of business, including the author, recipient, or custodian of the information; and

   f. The Court or the jury, at trial or as exhibits to motions.

7. Before disclosing or displaying the "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" material to any person falling under category 6(c) or 6(d), above,

– 3 –
9034482v.4
Case 3:14-cv-00274-RJC-DSC   Document 32   Filed 09/02/16   Page 3 of 8

the Receiving Party must make a written request to the Designating Party for permission to share "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" material with the person. The request must identify the person.

For experts and consultants, the request must include a copy of the person's current resume and a list of all persons or entities from whom the person has received compensation or funding in the past year for work in the person's area of expertise. If the Expert believes that any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

For in-house counsel, the request must describe the person's current and reasonably foreseeable job duties in sufficient detail to show whether the person is involved in competitive decision-making.

Within three days, the Designating Party must give permission to share "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" material with the person or must state that it objects to the sharing. In the event the Designating Party objects, counsel shall make a good-faith effort to resolve the dispute, and in the absence of a resolution, the Receiving Party may thereafter seek resolution by the Court. In the event the Designating Party does not object, the Receiving Party may share documents with the person after: (a) Informing the person of the confidential nature of the information or documents; (b) Informing the person that this Court has enjoined the use of the information or documents for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person; and (c) Having the person sign Exhibit A, a copy of which must be given to the Designating Party.

8.  The parties understand that any documents which are filed with the Court or used in an official judicial proceeding will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of such documents.

9.  Nothing in this Protective Order prevents any party from applying to the Court for an additional or modified protective order; from objecting to the production of documents or information; or from applying to the Court for an order compelling production of documents or information. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law.

**SO ORDERED.**

Signed: September 2, 2016

_____
David S. Cayer
United States Magistrate Judge

| *Attorneys for UniStrip Technologies LLC* | *Attorneys for LifeScan, Inc., and LifeScan Scotland, Ltd.* |
|---|---|
| CLEMENTS BERNARD PLLC | PATTERSON BELKNAP WEBB & TYLER LLP |
| */s/ Christopher L. Bernard* <br> Christopher L. Bernard <br> NC Bar No. 27713 | *s/ Greg L. Diskant* <br> Greg L. Diskant <br> (admitted *pro hac vice*) |
| Lawrence A. Baratta, Jr. <br> NC Bar No. 37589 | Eugene M. Gelernter <br> (admitted *pro hac vice*) |
| Seth L. Hudson <br> NC Bar No. 32259 | Anthony C. DeCinque <br> (admitted *pro hac vice*) |
| 1901 Roxborough Road, Suite 250 <br> Charlotte, NC 28211 <br> Phone: 704-790-3600 <br> Fx: 704-366-9744 <br> cbernard@worldpatents.com <br> lbaratta@worldpatents.com <br> shudson@worldpatents.com | 1133 Avenue of the Americas <br> New York, NY 10036 <br> Ph: 212-336-2000 <br> Fx: 212-336-2222 <br> gldiskant@pbwt.com <br> emgelernter@pbwt.com <br> adecinque@pbwt.com |
| | NELSON MULLINS RILEY & SCARBOROUGH LLP |
| | David N. Allen <br> NC Bar No. 9095 |
| | Benjamin S. Chesson <br> NC Bar No. 41923 |
| | Bank of America Corporate Center, 42nd Floor <br> 100 North Tryon Street <br> Charlotte, NC 28202 <br> Ph: 704-417-3000 <br> Fx: 704-377-4814 <br> david.allen@nelsonmullins.com <br> ben.chesson@nelsonmullins.com |

9034482v.4

HOFFMANN MARSHALL STRONG LLP

Charles D. Hoffmann
(admitted *pro hac vice*)

Sean R. Marshall
(admitted *pro hac vice*)

116 W. 23rd Street, Suite 500
New York, NY 10011
Ph: 646-741-4501
Fx: 646-741-4501
charlie@hmscounsel.com
sean@hmscounsel.com

# EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter titled *LifeScan, Inc. v. UniStrip Tech., LLC*, No. 3:14-CV-00274 (W.D.N.C.), have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is confidential by Order of the Court.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

I hereby submit to the Court's jurisdiction for the resolution of any issues arising out of my signing this document.

DATED: _____

_____
(signature)

_____
(print name)